UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIR MOHAMMAD HAIDARI, <br><br> Plaintiff, <br><br> v. <br><br> FAY FELICITAS, et al., <br><br> Defendants. | Case No. 25-cv-10710-EKL <br><br> **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, SCREENING COMPLAINT, AND ORDERING SERVICE** <br><br> Re: Dkt. Nos. 1, 4, 11 |

Self-represented Plaintiff Shir Mohammad Haidari alleges that Defendants engaged in a pattern of harassment, discrimination, and retaliation against him and his family in violation of the Fair Housing Act. Plaintiff seeks to proceed *in forma pauperis*. ECF No. 4. Plaintiff also requests leave to file a second amended complaint. ECF No. 11. This Order addresses all matters currently pending before the Court.

First, having considered Plaintiff's application to proceed *in forma pauperis*, the application is GRANTED.

Second, Plaintiff seeks leave to amend the complaint to add JSE Homes LLC as a defendant. Mot. for Leave at 1, ECF No. 11. JSE Homes LLC is alleged to be the owner and management entity for Plaintiff's home. *Id.* At this early stage, the Court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to amend, the Court considers the following factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure pleading deficiencies, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316

United States District Court
Northern District of California

United States District Court
Northern District of California

F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Here, Plaintiff promptly sought leave to amend less than three months after initiating this case, and shortly after identifying JSE Homes LLC as a potential defendant. The proposed second amended complaint does not add new factual allegations or claims. *Id*. There is no indication of delay, bad faith, prejudice, or futility of amendment. Therefore, the *Foman* factors favor granting leave to amend. Plaintiff's motion is GRANTED.

Third, Section 1915(e)(2) requires the Court to screen complaints filed by persons proceeding *in forma pauperis*. The Court must identify any cognizable claims, and dismiss claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Here, the Court finds that the second amended complaint sufficiently alleges cognizable claims against all Defendants for violating the Fair Housing Act.[1] Therefore, the Court will order service of the second amended complaint.

For the foregoing reasons, the Court ORDERS as follows:

1. The Clerk of Court is directed to file Plaintiff's proposed second amended complaint, ECF No. 11-1, as a separate entry on the docket. The second amended complaint shall serve as Plaintiff's operative pleading in this case.

2. By April 29, 2026, Plaintiff shall file an amended proposed summons for Defendants Fay Felicitas, James Encrantz, and JSE Homes LLC.[2] The summons for JSE Homes LLC shall be directed to its registered agent and address for service of process according to the California Secretary of State's website:

> James Encrantz
> 405 El Camino Real #214
> Menlo Park, CA 94025

---

[1] This Order is without prejudice to any Defendant's right to challenge the sufficiency of the complaint after appearing in this case.

[2] The original proposed summons did not include a separate summons as to JSE Homes LLC because it was not initially named as a Defendant. *See* ECF No. 2.

2

United States District Court
Northern District of California

3. Upon Plaintiff's filing of the amended proposed summons, the Clerk of Court shall issue the summons, and the U.S. Marshal for the Northern District of California shall SERVE, without payment of fees, the operative second amended complaint, this Order, and the amended summons upon all Defendants.

4. The initial case management conference scheduled for April 29, 2026, is CONTINUED to July 29, 2026, to provide sufficient time for Defendants to be served and to appear in this action. The parties shall file a joint case management statement by July 15, 2026.

**IT IS SO ORDERED.**

Dated: April 13, 2026

Eumi K. Lee
United States District Judge